UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-8286-JGB (KK) | Date: | November 17, 2017 |

Title: *Victor Tovar v. R. Rackley*

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed As Untimely and/or Due to Failure to Exhaust

## I.
## INTRODUCTION

On August 31, 2017, Victor Tovar ("Petitioner") constructively filed[1] a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition"). ECF Docket No. ("Dkt.") 1.[2] For the reasons set forth below, the Petition appears subject to dismissal. The Court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving Petitioner an opportunity to address these issues.

## II.
## BACKGROUND

On November 12, 2010, following a jury trial in California Superior Court for the County of Santa Barbara, Petitioner was convicted of two counts of kidnapping to commit robbery in

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

[2] The Court refers to the pages of the Petition as they are consecutively numbered by the Court's electronic docketing system.

violation of Section 209(b)(1) of the California Penal Code, and one count of second degree robbery in violation of Section 211 of the California Penal Code. See Pet. at 1; see also People v. Tovar, No. B228953, 2012 WL 1201068, at *1 (Cal. Ct. App. Apr. 10, 2012).[3] Petitioner was sentenced to two-concurrent life terms for kidnapping to commit robbery, plus a consecutive three-year term for robbery. Tovar, 2012 WL 1201068, at *1.

Petitioner filed a direct appeal on November 22, 2010 in the California Court of Appeal. See California Courts, Appellate Courts Case Information, Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=1962511&doc_no=B228953 (last updated Nov. 15, 2017, 12:45 PM). On April 10, 2012, the California Court of Appeal stayed the three-year consecutive sentence on robbery, but otherwise affirmed Petitioner's conviction. Id.; see Pet. at 2; Tovar, 2012 WL 1201068, at *1, *8.

Petitioner did not file a petition for review in the California Supreme Court. On June 12, 2012, Petitioner wrote a letter to the California Supreme Court "inquir[ing]" about his case. Pet. at 21, 31. On June 25, 2012, the California Supreme Court replied to Petitioner's letter informing Petitioner that after the California Court of Appeal affirmed his conviction on April 10, 2012, the California Supreme Court "lost jurisdiction to act on any petition for review on June 9, 2012."[4] Id. at 31.

On May 24, 2017, Petitioner filed a petition for relief from default in the California Supreme Court. Pet. at 3. On May 24, 2017, the California Supreme Court denied the petition and informed Petitioner that the California Supreme Court "lost jurisdiction to act on any petition for review June 11, 2012." Id. at 3, 47.

On August 31, 2017, Petitioner constructively filed the instant Petition. Dkt. 1.

## III.
## DISCUSSION

### A. THE PETITION IS UNTIMELY AND IS SUBJECT TO DISMISSAL

#### 1. THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA. Dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner

---

[3] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[4] June 9, 2012 is a Saturday, and pursuant to California Rules of Court 1.10, weekends or legal holidays are excluded in computing time. Accordingly, the correct date is Monday, June 11, 2012, which is later referenced in the May 24, 2017 letter from the California Supreme Court. Pet. at 47.

must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). If a petitioner files a direct appeal to a state appellate court but no petition for review to the highest state court, the conviction becomes final forty days after the state appellate court issues its decision. Brown v. Sisto, 303 F. App'x 458, 459 (9th Cir. 2008)[5]; see Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision in a [criminal] proceeding . . . , including an order dismissing an appeal involuntarily, is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court.").

Here, the California Court of Appeal affirmed Petitioner's conviction on direct appeal on April 10, 2012. Petitioner concedes he did not file a petition for review of the Court of Appeal decision with the California Supreme Court. Pet. 2. A search of the California Courts website confirms no filings by any person with Petitioner's name petitioned for review with the California Supreme Court.

Hence, Petitioner's conviction became final on May 20, 2012, forty days after the California Court of Appeal issued its decision denying Petitioner's direct appeal on April 10, 2012. See Brown, 303 F. App'x at 459. AEDPA's one-year limitations period commenced the next day, May 21, 2012, and expired on May 21, 2013. See 28 U.S.C. § 2244(d)(1). However, Petitioner did not file the instant Petition until August 31, 2017. Dkt. 1. Therefore, the Court deems the instant Petition untimely by over four years and three months, in the absence of any applicable tolling.

### 2. STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

Here, Petitioner did not file any state habeas petitions. Pet. at 6-7, 9. Therefore, statutory tolling does not render the Petition timely.

---

[5] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed R. App. P. 32.1(a).

### 3. EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (quoting Bills, 628 F.3d at 1097).

Here, Petitioner claims he "has suffered extreme prejudice as a result of appellate counsel's failure to exhaust the issue." Pet. at 22. Plaintiff alleges his appellate counsel "arbitraril[]y refus[]ed to file a petition for review to complete the exhaust-process" and "on his own accord refus[]ed to file a petition for review to the state's highest court." Id. at 5, 7, 9, 21. Petitioner states he "exercise[ed] due diligence" because as a "lay-man and ignorant to law," he "inquired by personally writing the California Supreme Court, and on June 25, 2012 the same court replied by stating that the court lost jurisdiction over the case on June 9, 2012." Id. at 20. Petitioner writes, "[m]oreover, [P]etitioner on May 21, 2017 petitioned the same court seeking 'Relief from Default' to file a petition for review under constructive filing to satisfy AEDPA – requisite to exhaust" before "the court clerk replied with a letter [on May 24, 2017] stating again that the aforementioned court lost jurisdiction on June 11, 2012." Id.

However, even assuming Petitioner was entitled to equitable tolling because his appellate counsel failed to file a petition for review, appellate counsel advised Petitioner, in a letter dated April 14, 2012, that he would not be filing a petition for review on Petitioner's behalf. Id. at 42. The letter further provided Petitioner with detailed instructions regarding "actions [Petitioner] c[ould] take on [his] own," including filing a petition for review in the California Supreme Court within 40 days of the Court of Appeal's decision. Id. at 42-43. Furthermore, after Petitioner was informed by the California Supreme Court on June 25, 2012 that it lacked jurisdiction, Petitioner did not file his petition for relief from default to the California Supreme Court until May 24, 2017, and Petitioner did not file the instant Petition until August 31, 2017. Hence, even assuming Petitioner is entitled to some equitable tolling, Petitioner does not provide any justification for his failure to take any action for almost five years (i.e. from June 25, 2012 to May 24, 2017). Thus, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097.

### B. THE PETITION IS A WHOLLY UNEXHAUSTED PETITION SUBJECT TO DISMISSAL

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas

petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

In this case, Petitioner raises three grounds for relief in his Petition: (1) Violations of "Due Process" under the Fifth, Sixth, and Fourteenth Amendments by being "[d]enied the right to a fair trial" ("Claim One"); (2) "Prejudice – Brady Violation" ("Claim Two"); and (3) "Prejudice – Massiah Violation (Sixth Amend.)" ("Claim Three"). Pet. at 5-8. Petitioner, however, concedes he has not raised any of his grounds for relief to the California Supreme Court. Id. at 6-7, 9. Accordingly, it appears none of the grounds Petitioner raises in the instant Petition have been ruled on by the California Supreme Court. Thus, the Petition is a wholly unexhausted petition subject to dismissal.

## IV.
## ORDER

For all of the foregoing reasons, the Petition appears subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed by filing written responses as set forth below **no later than December 16, 2017.** Petitioner must address the apparent untimeliness of the Petition and failure to exhaust his claims.

A. Petitioner is therefore ORDERED TO SHOW CAUSE in a written response explaining why the Petition should not be dismissed as untimely. Petitioner is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling.

B. If Petitioner contends the Petition is timely, Petitioner is also ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies by filing a written response. In doing so, Petitioner may choose from the following options:

**Option 1 - Petitioner May Explain the Petition Is Exhausted:** If Petitioner contends he has, in fact, exhausted his state court remedies on the grounds raised in his Petition, he should clearly explain this in a written response to this Order to Show

Cause. Petitioner should attach to his response copies of any documents establishing that Claims One, Two, and Three are indeed exhausted.

**Option 2 - Petitioner May Request a Rhines Stay:** Under Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts. Id. at 276; Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Petitioner may file a motion for a Rhines stay and must support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics. See id. Petitioner should include any evidence supporting his request for a Rhines stay.

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. **Accordingly, Petitioner may select options in the alternative.**

ALTERNATIVELY, **Petitioner May Voluntarily Dismiss Action Without Prejudice:** Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely and/or without prejudice for his failure to exhaust state remedies, comply with court orders, and failure to prosecute.** See **Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**